## Commonwealth *v.* Carey, Appellant.

[Marked to be reported.]

*Liquor laws—Furnishing on Sunday, etc., to guests—Act of 1887.*

Section 17 of the act of May 13, 1887, restraining and regulating the sale of intoxicating liquors, does not prohibit the use of liquors by a private citizen on his own table on Sunday, or make it a misdemeanor to furnish them to his family or his guests in his own house.

In a case where liquor was furnished on Sunday and to minors, defendant should be permitted to give the circumstances under which the furnishing took place to show whether or not he was a dealer in liquors or whether he kept or maintained a place at which liquors were dispensed by sale or gift in violation of law, or whether he was merely entertaining guests at the place where he resided.

The furnishing of liquors on Sunday, or to any of the excepted classes, that is made punishable is a furnishing in evasion of the law forbidding sales. It would be of little avail to close the bars on election days if candidates might open rooms near the poles and furnish liquors free to voters. Per WILLIAMS, J.

Argued Oct. 10, 1892. Appeals, Nos. 28 and 29, Oct. T., 1892, by defendant, James Carey, from judgments of Q. S. Lawrence Co., Dec. T., 1891, Nos. 10, 11, on verdicts of guilty. Before PAXSON, C. J., STERRETT, WILLIAMS, GREEN, McCOL-LUM, MITCHELL and HEYDRICK, JJ.

Indictments for furnishing liquors on Sunday and to minors.

The facts appear by the opinion of the Supreme Court.

Defendant's points, as follows, were refused by the court, HAZEN, P. J:

" 1. If the jury shall find that the liquors were furnished by defendant at a camp, where he and a party of friends were camping, as a fishing club, for recreation or any lawful purpose, and were furnished to the parties charged in the indictment whilst they were visitors and guests of the members of said club at their camp or temporary home, it would not be such a

furnishing as is prohibited by statute, and defendant should be acquitted." [2]

"2. If the jury find that the liquors were furnished by defendant whilst he and his associates, legally authorized detectives, were engaged in searching for evidence to convict parties of crimes of putting obstructions on railroad, and whilst defendant and his associates were in camp under the guise of a fishing party, and when so furnished, were being furnished by the defendant as a legal detective, in good faith, and for the purpose of obtaining evidence to convict criminals, it would not be such a furnishing as is prohibited by statute, and defendant cannot be convicted." [3]

"3. Under all evidence in the case, no offence or crime has been shown to be committed and the defendant should be acquitted, and your verdict should be, not guilty." [4]

Verdicts of guilty and sentence.   Defendant appealed.

*Errors assigned* were, among others, (1) exclusion of evidence, recited in opinion of Supreme Court, quoting bill of exception; (2–4) refusal of points, quoting them.

*William Yost*, for appellant.—Section 17 of the act of 1887 does not apply to persons not engaged in the sale of liquors. The title to the act (which, under art. 3, § 3 of the constitution, must contain not more than one subject) is limited to sale. Such has been its construction in Com. v. McGee, 7 Pa. C. C. 162; Com. v. Doll, 6 Pa. C. C. 49, and Com. v. Fowler, 44 Leg. Int. 482.   In Com. v. Sellers, 130 Pa. 32, defendant was a licensed dealer.   A statute capable of two constructions should not be construed so as to make it unconstitutional.

The jury was entitled to hear the evidence, not alone as showing that defendants were not dealers in liquor nor engaged in the sale of it, but also as showing the circumstances under which the liquor was furnished and the general good faith with which defendants had acted.

A detective entering into a conspiracy to commit a crime for the purpose of exploding it, is not an accessory before the fact.   For it should be remembered that detectives, when acting as decoys, may instigate or provoke the crime; but the essential element of dolus, or malicious determination to violate the law, is wanting in their case: Wh. Cr. L., 8th ed., § 231;

Campbell v. Com'th, 84 Pa. 187; State v. McKean, 36 Iowa, 343; 1 Gr. Ev. § 382; Rex v. Despard, 28 Howell's State Trials, 346 (498); Com. v. Kostenbauder et al., 17 W. N. 303.

In an indictment for unlawful sale of intoxicating liquors, A bought the liquor for express purpose of prosecuting defendant for sale. Held that defendant could be convicted on A's testimony and that A was not an accomplice: Com. v. Downing, 4 Gray, 29; Com. v. Willard, 22 Pick. 476; U. S. v. Whittier, 5 Dill. 45.

*A. L. Porter*, district attorney, for appellee.—The Act of 1887 is constitutional: Com. v. Sellers, 130 Pa. 34. In Altenburg v. Com., 126 Pa. 610, defendant was a farmer. The motive is immaterial: Wh. Cr. L., 9th ed., §§ 23, 1507. The act is general and applies to all persons coming within the provisions of the act.

OPINION BY MR. JUSTICE WILLIAMS, October 31, 1892.

The indictment in No. 10 December sessions charged the defendant with furnishing liquors on Sunday. That in No. 11 charged a furnishing to minors. Both indictments are drawn under the seventeenth section of the act of 1887 known as the High License Law, and both turn upon the same question. The acts of furnishing were not denied. The defendant denied that he was a dealer in liquors, or that he kept or maintained any room or place at which liquors were dispensed by sale or gift in violation of law; and asserted that he was a private citizen, and as such occasionally entertained guests at the place where he resided; and that the acts of furnishing complained of were acts of hospitality extended to persons whom he invited to, or had called upon him at, his place of residence. Upon the trial he offered to prove that he with two or three others were employed by the Pennsylvania Railroad Company to secure the arrest and punishment of some person or persons engaged in an effort to wreck passing trains at a certain point in Lawrence county. That in furtherance of this end they established a camp near the place where obstructions had been encountered by trains, and resided there for several months. That during this time they invited suspected persons and others to visit them, and provided food and drink for their entertainment, including beer and other liquors.

That these liquors were used at their table or offered to their guests as a matter of hospitality and not otherwise. The purpose of this offer was to show the circumstances under which the admitted furnishing took place. It was rejected. The question was again raised by a request for instructions to the jury that the act of 1887 did not apply to acts of private hospitality extended by a citizen in his own house to his neighbors and guests. The instruction was refused.

We are thus brought face to face with an important question which may be broadly stated thus: Does the seventeenth section of the act of 1887 prohibit the use of liquors by a private citizen on his own table on Sunday, or make it a misdemeanor to furnish them to his family or his guests in his own house? For an answer to this question we turn first to the title of the act, and there we learn that its object is to "restrain and regulate the sale" of intoxicating liquors. There is no hint of a purpose to restrain and regulate the use of them by private citizens in their own dwellings. We look next into the body of the act, and there we find a comprehensive license system. We have first a restriction of the sale to persons holding licenses, and punishments prescribed for sales by unlicensed persons. Next, the proceedings to obtain a license. Third, provisions regulating the exercise of judicial discretion in granting or refusing licenses. Fourth, penalties for violations of the law by licensed dealers. Fifth, exceptions from the power to sell conferred by a license, as to certain days and certain classes of persons. The seventeenth section belongs to this class of provisions. To the excepted classes and upon the excepted days no man can lawfully sell, or furnish for use as a beverage, any intoxicating liquors. The unlicensed cannot, for the traffic is wholly forbidden to him. The licensed cannot, for an express exception as to these is made in the law under which the license is granted. If notwithstanding the prohibition any person does sell or furnish contrary to seventeenth section his conduct is a misdemeanor, and the house, room or place kept or maintained by him for such unlawful sales or furnishings may be abated as a public nuisance under the provisions of the eighteenth section.

These provisions are not applicable to the table, or the personal habits of citizens within the precincts of their own homes,

and they cannot be extended by any known rule of interpretation so as to include them. The furnishing of liquors on Sunday, or to any of the excepted classes, that is made punishable, is a furnishing in evasion of the law forbiding sales. It would be of little avail to close the bars on election days if candidates might open rooms near the polls and furnish liquors free to voters. It would not help the cause of good morals if those who were forbidden to sell on Sunday could under some specious pretext profess to supply their customers without charge on that day. But if for reasons of health or habit one chooses to supply his own table with his own liquors for use by himself, his family or his guests on Sunday, there is not now and so far as I am aware there has never been in this state any statute forbidding him to do so.

If therefore the jury in this case had found from the evidence that the camp where the defendant lived was for the time, and in good faith, his home while engaged in the legitimate and important business he had been employed to do; and that the acts complained of were acts of hospitality extended to his guests, they should have acquitted him of the misdemeanor.

We are referred to Commonwealth v. Sellers, 130 Pa. 32, as in harmony with the ruling of the court below. Sellers kept a tavern. He held a license under the old law and was prosecuted for making sales contrary to the act of 1887. He defended on his worthless license and was properly convicted, and his conviction was sustained in this court. Commonwealth v. Altenburg, 126 Pa. 610, is also cited, but it is not in point. The defendant in that case was convicted of furnishing liquors at his own barn to a person in his employ, of known intemperate habits. He was a farmer and sought to take shelter behind his right to use and to provide for his farm hands such food and drink as he pleased. The trouble with this was that there was proof which the jury adopted tending strongly to show that the price of the liquors furnished was charged up against the wages of the man who drank it. There was also abundant evidence that the furnishing was done with full knowledge of the man's habits; not as a matter of hospitality exercised in defendant's house, but for the purpose of supplying intoxicating drink to one addicted to its habit-

ual use. We took care however to say in that case that "the provisions of the act of 1887 are not directed against the use of liquors by the individual citizen, and they do not interfere with his right to supply his table with them, or furnish them to his family or his guests."

The offer was important in this case, not because the defendant was a detective, for detectives are as much bound to obey the law as other persons, but because it drew attention to the fact that he was not a dealer in liquors, but a private citizen at his own home, dispensing its hospitality. The morality of his habits and of his detective methods were not before the jury. They might disapprove of drinking usages, and of the standard of hospitality which prevails in some circles of society and be glad of an opportunity to express their disapproval; but their question was one raised on the seventeenth section of the act of 1887 only, and they could not properly determine it without a knowledge of the circumstances which the offer proposed to lay before them. This statute is penal and requires a strict construction. We cannot extend it beyond its letter. When the legislature decides to extend its power beyond the restraint and regulation of the sale of intoxicating liquors, and to enter upon the restraint and regulation of the use of such liquors by individuals in their own homes, we have no doubt they will express their purpose clearly. Both in the title of the law and its provisions they will make their meaning apparent. The home is not above the law. It is not a sanctuary for crime. If the penal code is violated, the commission of the offence in the home of the wrongdoer does not shield him from punishment. The precise point now before us however is, that the criminal law of this state does not make it a misdemeanor for a citizen to drink intoxicating liquors in his house or to furnish such liquors to his guests or to the members of his own household. If the defendant could bring himself within the protection of this rule he certainly had a right to do so.

The judgment of the court below is now reversed, the verdict set aside, and a venire facias de novo awarded.

### COM. v. WORK.   COM. v. TODD.

Appeals, Nos. 30 and 31, Oct. T., 1892, by defendants, T. J. Work and J. Booth Todd, from judgments of Q. S. Lawrence

Co., Dec. T., 1891, Nos. 9 and 12, on verdicts of guilty.   Argued with preceding cases.

Indictments for selling liquor on Sunday.

OPINION BY MR. JUSTICE WILLIAMS, October 31, 1892.

These cases raise the same question.   Both were upon indictments charging the furnishing of liquor in violation of the seventeenth section of the act of 1887, known as the High License Law.

They are controlled by the Commonwealth v. Carey in which an opinion is filed at this time.   [The preceding case.] For the reasons there given the judgments in these cases must be reversed and a venire facias de novo awarded in each.