## Commonwealth *v.* Calvin F. Heckler, Appellant.

*Liquor laws—Gift of liquor on Sunday—Elections.*

The act of May 13, 1887, P. L. 108, is, as it declares, " to restrain and regulate the sale " of intoxicating liquors, and a person not a liquor dealer, who goes to his neighbor's house on Sunday for the purpose of asking him to go to the polls, and while in his neighbor's wagon shed gives him a drink of whiskey, is not guilty of violating its provisions.

Argued Feb. 12, 1895. Appeal, No. 96, July T., 1894, by defendant, from judgment of Q. S. Bucks Co., Nov. T., 1893, No. 96, on verdict of guilty. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Indictment for selling liquor on Sunday.

The substance of the testimony as agreed upon by counsel was as follows :

On Sunday, Nov. 5, 1893, the defendant, Calvin F. Heckler, who lives in Quakertown borough, Bucks county, Pa., went to the house of Tobias Kile, in Rockhill township, said county, arriving there about three o'clock P. M. He came up the road and stopped at Kile's house, got out of his wagon, and came into the yard. He asked Kile whether he was going to the election the following Tuesday. Kile said he did not know. Heckler said he would send a team to take him to the polls, and he should go. Heckler then invited Kile to come into the wagon house. He took a small flask out of his pocket, and gave him a drink of whiskey. After a short consultation, Heckler gave him another drink of whiskey out of the flask. Kile did not pay anything for it. He, Kile, was eighty-eight years old. Heckler, the defendant, also stopped at the house of Isaac Kile, a brother of the said Tobias Kile, at the same time, and also gave him a drink of whiskey out of the small flask. Heckler stayed about one minute, and Isaac Kile had one drink. The defendant lives at Quakertown, and left his house on this day in a wagon to go to Rockhill; for the purpose of getting out the vote. He was feeling badly, and took a small flask of whiskey with him. The defendant was not in the liquor business, but was the editor of the Quakertown Times, an attorney at law, and justice of the peace.

Defendant's points were as follows:

"If the jury find that the defendant is not the keeper of a hotel or restaurant, and in no way engaged in the sale of liquors, there can be no conviction in this case, inasmuch as the seventeenth section of the act of 1887, under which this indictment is laid, does not apply to persons not engaged in the sale of liquors.

"If it is contended that said section does apply to persons not engaged in the sale of liquors, then said section is unconstitutional, because under such construction, said act would contain more than one subject.

"The title to the said act limits it to those engaged in the sale of liquors. *Answer:* Refused. [1]

"2. So much of section 17 of the act of 1887 as forbids a person who is not a seller of liquors to give intoxicating drink to any person .on Sunday, is in conflict with the constitution of this state. *Answer:* Refused." [2]

Verdict of guilty.

The defendant moved in arrest of judgment, filing the following reasons:

"1. Because it appeared by the evidence that the liquor was furnished by the defendant to the parties charged in the indictment, in a social way and as a matter of hospitality, and was furnished by the defendant as an individual and private citizen, and not otherwise. [3]

"2. Under all the evidence in the case, no offense or crime was shown to have been committed, and the judgment should be arrested." [4]

The court in an opinion by YERKES, P. J., overruled the motion in arrest of judgment, and sentenced defendant to pay a fine of fifty dollars, and to undergo an imprisonment in the county prison for twenty days. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them; (3, 4) refusal to arrest judgment, quoting reasons as above.

*John M. Arundel* and *R. O. Moon, Robert M. Yardley* and *Gilkeson & Wright* with them, for appellant.—The seventeenth section of the act of assembly of May 13, 1887, under which appellant was indicted in the court below, prohibiting the gift

by any person of any spirituous, vinous or malt liquors on Sunday, applies only to persons engaged in the sale thereof, and not to persons nowise engaged in the liquor traffic : Com. v. Carey, 151 Pa. 368; Altenburg v. Com., 126 Pa. 602.

If the act of 1887 contemplates persons not engaged in the sale of spirituous, vinous, brewed or malt liquors, it is, as to said seventeenth section, unconstitutional, being in violation of article 3, section 3 of the constitution of this state: Dorsey's App., 72 Pa. 192; Union Pass. Ry. Co.'s App., 81* Pa. 91 ; Rogers v. Mfg. Imp. Co., 109 Pa. 109 ; Dewhurst v. Allegheny, 95 Pa. 437 ; State v. Hutchins, 74 Iowa, 20 ; Kansas v. Barrett, 27 Kansas, 213 ; Albrecht v. People, 78 Ill. 510 ; Aden v. Cruse, 127 Ill. 231; Stary v. Young, 47 Ind. 150 ; Williams v. State, 48 Ind. 307; Com. v. Doll, 6 Pa. C. C. R. 49.

*Paul H. Applebach*, ex-district attorney, for appellee, cited : Com. v. Sellers, 130 Pa. 32.; Com. v. Silverman, 138 Pa. 642 ; Com. v. McCandless, 21 W. N. C. 162.

OPINION BY MR. JUSTICE MITCHELL, May 30, 1895 :

The summary of the testimony agreed upon by the district attorney and the counsel for appellant, which practically makes the facts uncontested, shows that the appellant was not guilty of any criminal or unlawful act. The case is ruled by Com. v. Carey, 151 Pa. 368. We do not need to add anything to what is there so clearly said by our brother WILLIAMS, that the act of May 13, 1887, P. L. 108, is an act as its title declares " to restrain and regulate the sale " of intoxicating liquors, and its " provisions are not applicable to the table, or the personal habits of citizens within the precincts of their own homes. . . . The furnishing of liquors on Sunday or to any of the excepted classes, that is made punishable, is a furnishing in evasion of the law forbidding sales. . . . . If for reasons of health or habit one chooses to supply his own table with his own liquors for use by himself, his family or his guests on Sunday, there is not now, and so far as I am aware there never has been in this state any statute forbidding him to do so." The acts complained of in that case were done at the defendant's temporary abode in a fishing camp set up with the ulterior object of tracing the perpetrators of a series of crimes in that neigh-

borhood, and hence the references in the opinion to the defendant's home, " his own table," etc., but the basis of the decision is the character of the act as one of hospitality and not of evasion of the statute.    This appears clearly in the next paragraph to that already quoted, where it is said, if the jury found " that the acts complained of were acts of hospitality extended to his guests, they should have acquitted him of the misdemeanor." The place is not material except as a matter of evidence bearing on the intent.    It is the nature and intent of the act, not the place where it is done, that determine its character as lawful or otherwise.    If the appellant in the present case had taken his neighbor in his buggy to his house and there given him the whisky the act would have been one of hospitality within the very words of Com. v. Carey.    The fact that the drink was given in the neighbor's own woodshed made no difference in the character of the act.    If not to be called with strict accuracy one of hospitality, it was one of a similar kind, equally innocent, the cultivation of friendly feelings with his neighbors and the stimulation of the interest of two electors who having passed four score years were doubtful whether they would go to the polls or not.    If its elections are never subjected to more sinister influences than that, Bucks county will be entitled to congratulation.

Judgment reversed.

STERRETT, C. J., dissents.