KEEFER v. BOARD OF SUPERVISORS OF HILLSDALE
COUNTY.

1. LOCAL OPTION LAW — SUBMISSION TO VOTERS — CONSTRUCTION
OF STATUTE.

    The provisions of the local option law (Act No. 207, Pub. Acts
1889, §§ 9, 13) to the effect that the proposition to prohibit the
manufacture and sale of liquors, having been once submitted
and decided, shall not be again submitted within a period of
two years thereafter, do not operate to require that the action of
voters in preparing petitions for a resubmission of the ques-
tion, or of the board of supervisors in *calling* an election,
must await the lapse of two years.

2. SAME—BOARD OF SUPERVISORS—DUTY TO CALL ELECTION.

    It is not within the discretion of the board of supervisors to
refuse to call an election for a resubmission of the question,
upon presentation of a petition answering the requirements
of the statute.

*Certiorari* to Hillsdale; Lane, J.   Submitted May 1,
1896.   Decided June 30, 1896.

*Mandamus* by Charles E. Keefer and another to com-
pel the board of supervisors of Hillsdale county to call an
election and submit to the voters the question of a continu-
ance of local option in said county.   From an order
denying the writ, relators bring *certiorari*.   Reversed.

*F. H. Stone* and *W. J. Sampson*, for relators.

*Guy M. Chester*, Prosecuting Attorney, for respondent.

MONTGOMERY, J.   This is *certiorari* to review the
decision of the circuit court on an application for *man-
damus* to compel the board of supervisors to submit to
the voters of the county a proposition to repeal a pro-
hibitory resolution, adopted March 7, 1892.   The question
was again submitted to the voters, and an election had,

May 14, 1894, the people again declaring in favor of prohibition. On March 23, 1896, petitions were filed with the clerk in due form, asking that an election be called to vote upon the question in May, at a date after the lapse of two years. The board declined to call an election, on the ground that the action of the board calling an election cannot be had within two years after a previous vote on the question, even though the time fixed for the vote of the people be more than two years after the previous vote. The question depends upon the construction of two provisions of the statute. Pub. Acts 1889, Act No. 207, § 9, contains a provision as follows:

"*Provided*, however, that such proposition having been once submitted and decided either way by a majority of the votes of the qualified electors in any county in this State, voting thereon, the same shall not be again submitted in such county within a period of two years next thereafter, but may, at any time after the expiration of such period, upon a like petition and action, be again submitted, and so on, at the expiration of not less than two years after every such election."

In section 13 is found the following:

"Such resolution of prohibition shall take full effect within such county on the first day of May next following its adoption, and shall not be subject to repeal by the board of supervisors within two years next thereafter, after the expiration of which period the board may again, by a majority vote of all the members elect, act as in the first instance, and repeal such resolution of prohibition, but not unless a majority of the electors of the county, voting on such proposition, at a subsequent election duly called and held in accordance with the provisions of this act, shall have declared against the prohibition of the manufacture of liquors and of the traffic therein."

We construe these provisions to mean that the question shall not be again submitted to a vote of the people, after a former vote is taken, within two years. We do not think that action by the voters in preparing petitions, and presenting them to the board, or the order of the board calling an election, must wait the lapse of two years.

It is suggested that the purpose of this act is to provide for prohibition, and that a construction should be adopted to give effect to that intention, and best serve its object, namely, prohibiting the manufacture and sale of intoxicating liquors. But the answer to this is that the purpose of the act is to prohibit the traffic only in case the people of the county so decide, and that the predominant feature of the act is to confer upon the people of the county the right to decide whether they will or will not have prohibition; and it is with reference to this intent and purpose that the act must be construed. Having in mind this intent and purpose, we do not think it was the purpose to leave the question of calling an election to the discretion of the board. The proviso in section 9 means that the people, upon a petition answering the requirements of the statute, may have the question submitted.

Writ of *mandamus* will issue, but without costs.

GRANT, HOOKER, and MOORE, JJ., concurred. LONG, C. J., did not sit.