PEOPLE *v.* BIRD.

Intoxicating Liquors—Minors—Hospitality.
Section 5391, 2 Comp. Laws, prohibiting furnishing liquors to minors, has reference only to acts by persons engaged in the business of liquor selling, and not to mere acts of hospitality in their homes by persons not so engaged.

Exceptions before judgment from Ionia; Davis, J.    Submitted April 21, 1904.    (Docket No. 36.)    Decided October 18, 1904.

Calvin Bird was convicted of violating the liquor law. Reversed.

*A. A. Ellis*, for appellant.

*William K. Clute*, Prosecuting Attorney, for the people.

Moore, C. J.    Respondent was convicted of violating the provisions of the so-called liquor law, contained in section 5391, 2 Comp. Laws.    He has brought the case here by appeal.

The record upon the part of the people discloses that respondent is not a saloon keeper or druggist, but is a laboring man. At the solicitation of his wife he obtained three bottles of beer, and brought them home. The money to buy the beer was furnished by respondent's father, William Bird. After the beer was brought to the dwelling house of respondent, the respondent, his wife, his father, and one Mattie White, who was about 16 years old, sat about a table. Mrs. Bird poured the beer out into glasses. After she had done so, respondent handed a glass of it to Miss White, who drank it. Afterwards another glass of the beer was handed to her by respondent, part of which she drank. It is also claimed that Mrs. Bird, in the presence of her husband, mixed some alcohol with water, and gave it to Miss White.

The question involved is whether this was a violation of the law. It is the claim of the people that it is not lawful for any person except a druggist to give to any minor beer, wine, or spirituous liquor. It is the claim of the respondent that the law relates to a business, and does not preclude one in exercising the hospitality of his home from giving to one of his guests beer, wine, or spirituous liquors, even though the guest is under the age of 21 years. It is stated by the prosecuting attorney that the question involved has never been passed upon by this court.

The title to the act relating to the question involved reads:

" An act to provide for the taxation and regulation of the business of manufacturing, selling, keeping for sale, furnishing, giving, or delivering spirituous and intoxicating liquors, and malt, brewed, or fermented liquors and vinous liquors in this State, and to repeal all acts or parts of acts inconsistent with the provisions of this act." Act No. 313, Pub. Acts 1887.

Section 5391, 2 Comp. Laws, so far as it is material to this action, reads:

" It shall not be lawful for any person, except a druggist, who shall be governed by section two of this act, to sell,

furnish, or give any spirituous, malt, brewed, fermented, or vinous liquors, or any beverage, liquor, or liquids containing any spirituous, malt, brewed, fermented, or vinous liquors, to any minor, to any intoxicated person.  *  *  * The fact of selling, giving, or furnishing any liquid in any place where intoxicating liquors are sold or kept for sale, to any minor, or to any intoxicated person,  *  *  * shall be prima facie evidence of an intent on the part of the person so selling, giving, or furnishing such liquid, to violate the law."

Many of the cases cited on the part of the people, like *State* v. *Best*, 108 N. C. 747, are cases where the liquor was furnished to the minors by a saloon keeper.  Others are where the minor furnished the money to pay for the liquor, and do not afford much light upon the question involved here.

In one of the cases cited—*Johnson* v. *People*, 83 Ill. 431—it is said:

"It is not necessary to now determine whether a person would incur the penalty of this section by giving it as an act of hospitality at his house, as that question is not before the court."

In *Altenburg* v. *Commonwealth*, 126 Pa. St. 602, it is said:

"The general provisions of the act of 1887 [Laws 1887, Act No. 53] relate to and are designed to regulate the sale of liquors by the various classes of venders known to the law.  They are not directed against the use of such liquors by the individual citizen, and they do not interfere with his right to supply his table with them, or furnish them to his family or his guests."

In the case of *Commonwealth* v. *Davis*, 75 Ky. 240, cited by counsel, the respondent and one Rison, a minor, contributed money to purchase whisky.  The respondent procured the whisky, and gave part of it to Rison, who drank it.  It was held this was a violation of the statute; the court saying of the statute, "The object was to make it unlawful for any person other than the father or guardian of a minor to place such liquors in his hands,"

etc.   It will be seen this case does not meet the one under consideration.

In Black on Intoxicating Liquors, § 407, it is said:

" The provisions of the liquor laws being aimed at the suppression of an illicit or injurious traffic in intoxicants, it is considered that a person is not liable to indictment for furnishing liquor to a friend or guest at his private residence as an act of kindness or hospitality; " citing several cases.

If the contention of the people is true, while a father might furnish, at his own table, for his wife and all his children who had attained the age of 21 years, wine to drink, if he gave it to a son or daughter under 21 years of age he would be liable to the penalties of the law.   And if one of his guests was under 21 years of age he would also be liable.   The title of the act and all its provisions should be read together.   When this is done, we cannot persuade ourselves that such a case as was made against the respondent brings him within its provisions.

The conviction is reversed, and a new trial ordered.

CARPENTER, MONTGOMERY, and HOOKER, JJ., concurred.   GRANT, J., did not sit.