*In re* WILSON.

1. Constitutional Law—Title of Statute—Local Option—Intoxicating Liquors.

   The amendment of the local-option law by Act No. 183, Pub. Acts 1899, is not objectionable under the provisions of Art. 4, § 20, Const. of 1850, which require the object of a law to be expressed in its title, although the original act authorizes the boards of supervisors to act on petitions while the amendment is mandatory. 2 Comp. Laws, § 5412 *et seq.*

2. Same—Title of Act—Legislative Functions.

   Neither is the amendment open to the objection that its objects are not all expressed in the title or that legislative powers are conferred upon the electors.

3. Same—Class Legislation—Interpretation—Statutes.

   No discretion is left with the board of supervisors to repeal the act when the people of a county so vote.

4. Same—Class Legislation—Exemption of Home Grown Products.

   The conviction of the petitioner in habeas corpus could not be affected although it should be determined that Act No. 170, Pub. Acts 1903, exempting the sale of wine or cider from home grown fruit in quantities of five gallons or more, is class legislation.

Habeas corpus proceedings by Hawley C. Wilson to obtain his release from the jail of Jackson county. Submitted February 23, 1910. (Calendar No. 23,882.) Petition denied March 2, 1910.

*James J. Noon* (*Wilson & Cobb*, of counsel), for petitioner.

*Albert O. Reece*, Prosecuting Attorney, and *Frank L. Blackman*, Assistant Prosecuting Attorney, for respondent.

Blair, J. Petitioner seeks release from an alleged un-

lawful imprisonment in the county jail for the alleged offense of—

"Keeping a place where intoxicating liquors are sold, stored, kept for sale and furnished, * * * contrary to the provisions of a certain resolution adopted by the board of supervisors of the county of Jackson, Michigan, on the 13th day of April, A. D. 1909, in pursuance of the provisions of Act No. 207 of the Public Acts for the year 1889 (2 Comp. Laws, §§ 5412–5435), as amended."

Petitioner alleges in the petition that such imprisonment is illegal for the following reasons:

"(1) Because Act No. 183 of the Public Acts of 1899, amending section 13, among other sections, of Act No. 207 of the Public Acts of 1889, is in violation of section 20 of article 4 of the Constitution of this State of the year 1850, which requires the object of a law to be expressed in its title, and setting out in full the title of Act No. 207 of the Public Acts of 1889, and original section 13. The title of the original act is the title of the amendatory act, which is recited in section 1 of the amendatory act. The object stated in the title of the original act is, among other things: * * *

"(2) Because the objects of Act No. 183 of the Public Acts of 1899 are not all expressed in its title.

"(3) Because the amended section 13 takes from the board of supervisors the legislative powers conferred by the original section, and confers such powers upon the electors.

"(4) Because the amended section 13 commands the board of supervisors to order local option when a majority of the electors of the county vote in favor of it, thereby changing the legislative power conferred by the original section to a mandatory act without expressing the same in the title to the amendatory act.

"(5) Because said amended section 13 is class legislation, in that it provides one rule of action by the board of supervisors for electors favoring prohibition and another for those opposed to it. It is mandatory on the part of the board of supervisors to order prohibition in case a majority of the electors vote in favor of it, and permissive on the part of the board to repeal such resolution when there shall be a vote of the electors opposed to prohibition.

"(6) Because the board of supervisors of Jackson county acted in pursuance of the provisions of section 13, as amended, as appears by the resolution of said board authorizing prohibition, a certified copy of which is annexed to the petition; and because the board in all its proceedings up to and including the said order acted in pursuance of said amendatory act."

1. It is urged—

"That a title authorizing and empowering the board to act is not broad enough to authorize legislation commanding the board to act. The title authorizes legislation leaving a discretion in the board, while the amended statute (section 13) commands the board to act."

In *Keefer* v. *Board of Sup'rs of Hillsdale Co.*, 109 Mich. 645 (67 N. W. 981), it was held—

"That the purpose of the act (Act No. 207, Pub. Acts 1889) is to prohibit the traffic only in case the people of the county so decide, and that the predominant feature of the act is to confer upon the people of the county the right to decide whether they will or will not have prohibition; and it is with reference to this intent and purpose that the act must be construed."

Construing the provisions of the amendatory act of 1899 with reference to the object of the original act as interpreted by this court in the case cited, we are of the opinion that such provisions are germane to the original title, and therefore not liable to the objection urged.

Points 2 and 3 are disposed of by our holding under point 1, although it is not intended to admit that the original act granted legislative powers to the board of supervisors. If the legislature under the original title could have conferred upon the people the power to determine when the act should take effect, instead of providing for joint action by the electors and the board, as we have no doubt it could, then it could accomplish the same result by amendment.

5. Petitioner under this head argues that—

"Section 13, as amended, is class legislation. It pro-

vides one rule for electors favoring prohibition, and another for those favoring regulation, or treating the liquor business as other kinds of business are treated. It provides that it shall be the duty of the board of supervisors, when the electors have declared in favor of prohibition, to order prohibition, and after two years, if the electors declare against prohibition, it is in the discretion of the board to act on the vote or not, and it can only do so by a majority vote of all the supervisors-elect. This section does not permit the board of supervisors to act upon their own judgment when ordering local option, which, as before said, is an attempt to convert a legislative act into an administrative act at the same time retaining the legislative character when declaring against prohibition. Both provisions are harmonious in the original section."

It was held in the *Keefer Case, supra,* that the provision of section 9 of the original act that the proposition "*may* at any time" after the expiration of two years be again submitted was mandatory, and left no discretion with the board of supervisors to refuse to call an election. We think the language of section 13, Act No. 183 of 1899, that the board of supervisors after the expiration of two years "*may* again on petition," etc., "*act as in the first instance* and repeal such resolution" upon a majority vote of the electors to that effect, should receive the same construction, and be held not to leave any discretion in the board to refuse to repeal the resolution. The action of the board in the second instance is to be the same as in the first instance.

It was also suggested upon the oral argument that the provision of section 15 as amended by Act No. 170, Pub. Acts 1903, that the act should not be construed to prohibit "the sale of wine or cider from home grown fruit in quantities of not less than five gallons," etc., rendered the legislation unconstitutional as being class legislation. It is unnecessary to determine this question; since, if said Act No. 170, which was limited to an amendment of the single section 15 of the Act of 1899, should be held to be unconstitutional, it would in no wise affect the validity of the petitioner's conviction.

The petition is dismissed, and the petitioner remanded to the custody of the sheriff of Jackson county for the execution of his sentence as provided by law.

MONTGOMERY, C. J., and OSTRANDER, HOOKER, and STONE, JJ., concurred.