PEOPLE v. MYERS.

1. INTOXICATING LIQUORS — LOCAL OPTION — GIVING LIQUORS TO
   GUEST.
   Furnishing beer to a person in her room at a hotel by a clerk
   who lives in the hotel, is not furnishing intoxicating liquor
   in the home of the clerk.[1] *People* v. *Peterson*, 156 Mich. 235,
   distinguished. Act No. 207, Pub. Acts 1899, 2 Comp. Laws,
   § 5412.

2. SAME.
   The gift of intoxicating liquors by the clerk of a hotel to a
   dining room girl in her own room is in violation of the local-
   option law of a county in which prohibition of the liquor
   traffic is in force.

3. SAME—CONSTITUTIONAL LAW—TITLE—STATUTES.
   The title of 2 Comp. Laws, § 5412 *et seq.*, is sufficiently broad
   to warrant the prohibition of giving away intoxicating
   liquors.

Exceptions before judgment from Eaton; Smith, J.
Submitted February 11, 1910. (Docket No. 159.) De-
cided April 1, 1910.

Lindley C. Myers was convicted of violating the local-
option law. Affirmed.

*Joseph B. Hendee* and *Elmer N. Peters*, for appel-
lant.

*Russell R. McPeek*, Prosecuting Attorney, for the
people.

BLAIR, J. Respondent was informed against and con-
victed of an alleged violation of the local-option law, and
appeals to this court. Respondent, at the time of the
commission of the alleged offense, was clerk of a hotel,

---

[1] As to social treating to liquors as an offense, see note to *People*
v. *Peterson* (Mich.), 21 L. R. A. (N. S.) 134.

and we assume that he boarded and lodged therein. The offense consisted in gratuitously furnishing beer to two dining-room girls in the room of one of them, for social purposes.

The only questions raised which require consideration are:

(1) Was the beer furnished in respondent's home so that the case is ruled by *People* v. *Peterson*, 156 Mich. 235 (120 N. W. 570, 21 L. R. A. [N. S.] 134)?

(2) Is the gift outside of his home of a drink of liquor by a private person, who is in no sense a dealer in liquors, to one of his friends as a mere act of courtesy or hospitality, prohibited by the local-option act?

1. The dining-room girl had her home in the hotel as well as the clerk, and he had no right in her private room without her consent. The beer was not furnished in the home of the clerk, but in the home of the girl.

2. The title of the local-option act is:

"An act to prohibit the manufacture, sale, keeping for sale, giving away or furnishing of vinous, malt, brewed, fermented, spirituous or intoxicating liquors, or any mixed liquor or beverage, any part of which is intoxicating, and to prohibit the keeping of any saloon or other place for the manufacture, sale, storing for sale, giving away or furnishing of such liquors or beverages and to suspend the general laws of the State," etc.   Act No. 207, Pub. Acts 1889.

Section 1 of the act (2 Comp. Laws, § 5412) provides:

"That it shall be unlawful for any person, directly or indirectly, himself or by his clerk, agent or employé, to manufacture, sell, keep for sale, give away or furnish any vinous, malt, brewed, fermented, spirituous or intoxicating liquors, or any mixed liquor or beverage, any part of which is intoxicating, *or to keep a saloon,*" etc.

The constitutionality of this act was assailed soon after its adoption and sustained by this court. *Feek* v. *Bloomingdale Township Board,* 82 Mich. 393 (47 N. W. 37, 10 L. R. A. 69). Among other things, it was objected that the act was unconstitutional:

"(1) Because the said law embraces more than one object.

"(2) Because the objects are not all embraced in the title."

The court held the object to be single, and that all the instrumentalities were designed to attain that object, and that there was no constitutional objection to the title of the act.

The constitutionality of the act was again challenged in *People* v. *Whitney*, 105 Mich. 622 (63 N. W. 765), where this court said:

"Every provision of the act was under consideration in *Feek* v. *Bloomingdale Township Board*, 82 Mich. 393 (47 N. W. 37, 10 L. R. A. 69), and it was there held that there was no constitutional objection to it. We have discovered no reason in the argument of the counsel for respondents for now holding otherwise."

See, also, *In re Wilson*, 160 Mich. 42 (124 N. W. 1100).

In *Feek* v. *Bloomingdale Township Board*, *supra*, it was said:

"Viewing this act as a whole, we find it to be a law, the object of which is to prohibit the manufacture, sale, etc., of intoxicating liquors at the option of the local authorities of any county in this State."

In *Keefer* v. *Board of Sup'rs of Hillsdale Co.*, 109 Mich. 645 (67 N. W. 981), the court held:

"That the purpose of the act is to prohibit the traffic only in case the people of the county so decide, and that the predominant feature of the act is to confer upon the people of the county the right to decide whether they will or will not have prohibition."

In *People* v. *Peterson*, 156 Mich. 235 (120 N. W. 570, 21 L. R. A. [N. S.] 134), it was said:

"The object of the act is to prohibit the manufacture of, and all traffic in, liquors. It cannot be reasonably construed so as to apply to the individual use, or the keeping for use, of liquors by citizens."

It was further held that in furnishing beer to the guests at his daughter's surprise party, with no intention to evade the law, respondent was not guilty of violating the law. In the course of the opinion, however, the court said:

"Whether an individual might, even in his own house, dispense liquors purchased and kept for his own use, in such manner as to make his conduct obnoxious to the law, is a question not presented."

Counsel for respondent contend that the *Peterson Case* rules the present case, and to the same effect cite the following cases from other States: *State* v. *Fulks*, 207 Mo. 26 (105 S. W. 733, 15 L. R. A. [N. S.] 430); *Cruse* v. *Aden*, 127 Ill. 231 (20 N. E. 73, 3 L. R. A. 327); *Com.* v. *Carey*, 151 Pa. 368 (25 Atl. 140); *Com.* v. *Heckler*, 168 Pa. 575 (32 Atl. 52); *Reynolds* v. *State*, 73 Ala. 3; *Austin* v. *State*, 22 Ind. App. 221 (53 N. E. 481); *People* v. *Bird*, 138 Mich. 31 (100 N. W. 1003, 67 L. R. A. 424, 110 Am. St. Rep. 299). Most of the cases cited deal, as did our case of *People* v. *Bird*, with statutes regulating the business of selling intoxicating liquors. *State* v. *Fulks* arose under a local-option statute, the title of which was:

"An act to provide for the preventing of the evils of intemperance by local option in any county in this State and cities of twenty-five hundred inhabitants or more, by submitting the question of prohibiting the sale of intoxicating liquors to the qualified voters of such county or city; to provide penalties for its violation and for other purposes."

The principal question raised by the appeal was the constitutionality of the law so far as concerned the giving away of liquor. The provision was held unconstitutional as not embraced within the title, the court saying that the act was—

"Never intended to cover the mere gift of a drink of liquor by a private person, who is in no sense a dealer in liquors, to one of his friends as a mere act of courtesy or hospitality, and if the act should be construed to embrace

such gift as the evidence disclosed in this case, it clearly would be repugnant to the Constitution of this State in that the title itself, as well as the great body of the act, expressed no such purpose."

The Michigan act under consideration includes within its title a prohibition of the giving away of intoxicating liquors in local-option counties; the first section makes it unlawful for any person to give away such liquors; and the act has been repeatedly held constitutional in every respect. The general liquor law deals with the regulation of a legitimate business; the local-option law was intended, in my opinion, not only to wipe the business out of existence in the county, but to prevent the inhabitants of the county from obtaining liquor within the county. For the latter purpose, the act prohibits any person from giving away intoxicating liquor, and thereby heads off the numerous subterfuges which would interfere with the enforcement of the law. We have held that the statute was not intended to prohibit the individual use of intoxicating liquors, nor to invade the privacy of the home and interfere with the owner's decent exercise of hospitality towards his guests, but we do not think the terms of the act warrant a further limitation of its operation.

We find no errors in the case, and the exceptions are overruled, and the record remanded for further proceedings according to law.

OSTRANDER, MCALVAY, BROOKE, and STONE, JJ., concurred.