PEOPLE *v.* HANCOCK.

1. INTOXICATING LIQUORS — LOCAL-OPTION LAW — FURNISHING TO GUEST.

Furnishing intoxicating liquor to a caller, who came to get milk at respondent's farm, was not, as a matter of law, a violation of the local-option law, although testimony of the prosecution, contradicted by respondent's evidence, tended to show that before leaving the home of respondent the caller laid twenty cents on the table at which the parties had been drinking; and the court erred in charging the jury, as a matter of law, that the caller was not a guest. 2 Comp. Laws, § 5412 *et seq.*, Act No. 183, Pub. Acts 1899, Act No. 107, Pub. Acts 1909.

2. SAME—EVIDENCE.

Evidence of prior similar acts alleged to have been committed by respondent was admissible to show bad faith and his intent in furnishing the liquor.[1]

Exceptions before sentence from Allegan; Padgham, J. Submitted April 20, 1911. (Docket No. 125.) Decided September 29, 1911.

Frank Hancock was convicted of violating the local-option law. Reversed.

---

[1] Evidence of other crimes in criminal case, see note in 62 L. R. A. 193.

*Charles Thew*, for appellant.

*Clare E. Hoffman*, for the people.

BROOKE, J.    Respondent stands convicted of a violation of the local-option law, and has removed his case to this court for review upon exceptions before sentence.

The record shows that respondent is a farmer, and had been living for upwards of a year upon a farm near Saugatuck, in the county of Allegan.   On September 24, 1910, one Schultz, a neighbor, called, in company with his little girl, to get a couple of turkeys which respondent's wife had promised them.   Schultz and respondent walked over the farm and visited for a time.   Returning, respondent invited Schultz into the house.   They seated themselves at a table in the kitchen, and respondent produced a quart bottle partly filled with whisky, and some glasses, and invited Schultz to drink.   While the two men were sitting there, one Palzer, who resided at Saugatuck, entered the kitchen and was invited to drink, and did drink.   Palzer testified that he went there upon an errand, and, further, that—

"I was in the habit, when I was short of milk, to go there and have them save some for me in the evening, and I am sure I went there that day for that purpose.   I am farming and peddling milk and during the summer I went there and got milk when I was short.   I think I went there to order milk that day."

The three men sat in the kitchen visiting for some time, and took two or three drinks each.   The information charged respondent with unlawfully furnishing liquor to Palzer only.

Both Palzer and Schultz were sworn as witnesses for the people.   Schultz testified that no demand was made for payment nor was payment made for the whisky; but Palzer testified that when he left he laid 20 cents on the table to pay for his drinks.   Respondent admitted the furnishing of the liquor as charged, but claimed that he did so as an act of hospitality to a guest in his own home, and that

he neither demanded nor received any money therefor from Palzer.

The court practically directed a verdict of guilty, by charging the jury, as a matter of law, that upon the occasion in question Palzer was not respondent's guest. It is clear that respondent would be guilty if he had demanded or received pay for the liquor furnished. It is apparent, however, that the jury did not convict him upon that theory; for, after deliberating for a time they returned to the courtroom, when a juror asked this question of the court:

"Would you give us the definition of the word 'guest' again?"

To which the court replied:

"I told you, gentlemen, this man was not a guest when I instructed you. You need not spend any time on that. He was not a guest at that place."

The definition to which the juror referred was taken by the court from the Standard dictionary, and is as follows:

"A person received and entertained at the house of another; a visitor, as, a welcome guest. The term is applied with little respect to the duration of the call or visit, and whether the person be present by invitation or not. The members of an evening party, persons invited to dinner, or relatives or friends making a long sojourn are alike guests."

Webster defines the word as:

"A visitor; a person received and entertained in one's house or at one's table; a visitor entertained without pay."

Adopting these definitions of the word "guest," we do not think it can be said as a matter of law that upon the occasion in question Palzer was not the guest of respondent. Counsel for the people insists that there is a legal distinction between a "guest" and a "visitor." None such seems to have been made by the lexicographers, and in making use of the word "guest" in our decisions here-

tofore we had no intention of giving to the same any restrictive meaning.

The first and fourth requests to charge, preferred by respondent, were as follows:

"*First.* It is the claim of respondent in this case that on September 24th last, which is the date that they are charged with the sale of liquor to one Palzer, that they were in their own home, in the kitchen; that one Schultz was there, visiting with Frank Hancock, and after they had sat there several minutes, Frank Hancock, who was the owner and had in his possession a bottle partially filled with whisky, gave to Schultz a drink, and took one himself, out of his bottle, pouring the same out into glasses, and at about that time one Palzer came in and sat down, during which time respondent, Frank Hancock, gave him also a drink, and the three of them drank together; that he gave this liquor to them as his guests, as an act of hospitality, and had no intention to violate the law, demanding no money for the same, and no money was left on the premises for the payment of said liquor by Palzer. Now, I charge you that, if you find the facts in this case to be substantially as claimed by said respondent, that your verdict should be not guilty.

" *Fourth.* I charge you that, if you find from the evidence that on the day alleged in the information that said Palzer was invited into his home and the liquor given to him as an act of hospitality, that he gave him one or two drinks of whisky in their home, nor took nor demanded no pay therefor, that your verdict would be not guilty."

These requests were proper, and should have been given. In our view of this law, it was not the intention of the legislature to interfere with the privacy of the home, in which we have held the host has a right to dispense hospitality to his guests or visitors reasonably, decently, and in good faith. *People* v. *Peterson*, 156 Mich. 235 (120 N. W. 570); *People* v. *Myers*, 161 Mich. 40 (125 N. W. 701); *People* v. *Bedell*, 162 Mich. 230 (127 N. W. 33); *People* v. *Slater*, 164 Mich. 156 ( 129 N. W. 22).

Error is assigned upon the admission of testimony as to prior similar acts alleged to have been committed by re-

spondent.   As, under our decisions, the question of good faith may become one of fact in doubtful cases, we think such evidence admissible as bearing upon the intent with which the liquor was furnished upon the day charged in the information.

The conviction is set aside, and a new trial ordered.

MOORE, McALVAY, BLAIR, and STONE, JJ., concurred.