PEOPLE *v.* PLUMMER.

1. CRIMINAL LAW—INTOXICATING LIQUORS — EVIDENCE — ILLEGAL SALES—OTHER OFFENSES.

In a prosecution for the unlawful sale of beer in a local option county, testimony that another party present purchased and paid for beer on the same occasion was admissible to refute the contention that the act was merely one of a hospitable nature, and to impeach respondent who testified to the defense alleged.

2. SAME—WITNESSES—REQUIRING PROSECUTION TO PRODUCE.

The trial court did not commit error in refusing to compel the people to indorse as a witness, on the information, the name of one who lived with respondent and upon whom marked money was found that the police had procured to be used in the buying of beer, and who was not, in fact, present when the liquor was furnished; the record also showing that the respondent had objected to the tes-

timony relating to the finding of the marked money, and that the court had struck it out, later, on respondent's motion, restoring the proof to form the basis of the motion to indorse the additional name on the information. The subject was a matter that rested in the discretion of the court.

3. SAME—WITNESSES.

An agent of the police, employed to secure, not evidence of a crime committed, but evidence of a crime to be committed by the procurement of the agent, is not a person whose testimony upon the subject of the crime is generally received, in or out of court, without close scrutiny; but it is not the right of a respondent to have the jury instructed to regard his testimony favorably or unfavorably.

Exceptions from Ingham; Wiest, J. Submitted October 28, 1915. (Docket No. 108.) Decided December 21, 1915.

Rosetta Plummer was convicted of unlawfully selling intoxicating liquor in a county in which prohibition was in force. Affirmed.

*Grant Fellows,* Attorney General, and *William C. Brown,* Prosecuting Attorney, for the people.

*Warner, Raudabaugh & Person,* for the respondent.

Respondent is charged with having sold and furnished beer to one Charles Hill, she not being a pharmacist, the sale being made in Ingham county, in which county selling and furnishing liquor was forbidden, pursuant to the provisions of Act No. 207, Pub. Acts 1889, as amended. The testimony for the people tended to prove the sale of beer as alleged and the payment for the same in marked money, afterwards recovered, but not from respondent. The witness Charles Hill was an agent of the police of the city of Lansing for the special purpose of trying to purchase liquor of respondent upon the particular occasion. By an arrangement members of the police force visited

respondent's residence at or about midnight, found evidences of the drinking of beer, arrested all inmates of the house, and took them and some beer found on the premises to police headquarters.

The people produced as a witness Arthur Rossman, one of the men found at respondent's house upon the occasion in question, and without objection he gave testimony to the effect that upon the same evening he had beer served him by respondent and paid her 50 cents for two pint bottles of beer.

The marked money which the witness Hill claimed to have paid to respondent for the beer he purchased was found by the police at the police station in the possession of Charles Garver. The name of Garver was not indorsed upon the information, and he was not produced by the people as a witness. The court refused to require the people to indorse the name or produce him as a witness.

The testimony being concluded, respondent moved to strike out the testimony of Arthur Rossman as incompetent, irrelevant, and immaterial, the point which was made being that it tended to prove an offense other than the one which respondent is charged with having committed, for which purpose it was not admissible. The motion was denied. Respondent admitted having furnished beer to Hill and his companion Cook, but as an act of hospitality to guests. She denied having accepted any money for it; denied knowledge of any sale or furnishing of beer to Rossman; testified that the beer belonged in any event to a man rooming at her house, to whom it appears to have been consigned. The court left to the jury the question whether respondent sold or furnished the beer as charged, or furnished it as an act of hospitality, saying:

"One may in his own home, as an act of hospitality

189 Mich.—27.

in good faith, and not as a subterfuge, but an act of entertainment and kindness, give a visitor intoxicating liquors, and not be guilty of a violation of the local option law."

And the jury was instructed that, if they entertained a reasonable doubt upon the question of her good faith, she was entitled to the benefit of the doubt. As to the testimony of Rossman the jury was instructed that respondent was not charged with having furnished him nor any one but Hill with liquor, but that, if they found that during the evening she furnished liquor to others, they might consider the fact as affecting her motive and purpose in furnishing liquor to Hill. As to the witness Hill the court said to the jury, in substance, that he went to respondent's house to induce her to violate the law, to be a party to such violation of the law, and in considering his testimony they should consider what he undertook to do as bearing upon the credit which should be given him, and should bear in mind that his services had been enlisted for the purpose of securing evidence against the respondent; that the credit to be given to his testimony was for them to determine.

The exceptions urged in this court are:

(1) To the ruling refusing to strike out the testimony of Rossman.

(2) To the charge as relating to his testimony.

(3) To the ruling respecting the indorsement of Garver's name on the information and to calling him as a witness for the people.

(4) Refusal to give the substance of respondent's third and fourth requests to charge, which relate to the favor or disfavor with which the testimony of Hill should be viewed.

OSTRANDER, J. (*after stating the facts*). None of the exceptions can be sustained. In view of the positive testimony of sales of liquor to Hill and his companion, the admission that liquor was furnished to

them, and the claim that it was a mere act of hospitality, it was material and pertinent to consider the testimony that during the same evening respondent furnished liquor to another male acquaintance and received pay for it, as affecting the credit to be given to her testimony. *People* v. *Giddings,* 159 Mich. 523 (124 N. W. 546, 18 Am. & Eng. Ann. Cas. 844) ; *People* v. *Hancock,* 166 Mich. 654 (132 N. W. 443).

It is not contended that Garver was present when the alleged furnishing of liquor occurred. He was a boarder, or roomer, in the house, and was taken, with all the others, by the police. The testimony of a police officer is that the marked bills which Hill testifies he paid to respondent for liquor were found in Garver's possession. How he got them does not appear. It is said in argument that, having laid a trap for respondent, the plan including the use of marked money to be found in her possession, the people should in fairness account for this failure of the plan; that in laying the plan the police themselves determined the *res gestæ,* and the people have not developed the *res gestæ.* But it is plain that Garver was not a necessary witness in making out the case for the people. The case alleged in the information was a particular sale and furnishing of liquor, of which the witness Garver personally had no knowledge. But beyond this it appears that Garver was an inmate of respondent's home; that he completed dressing himself in respondent's room when ordered to accompany the police to headquarters. It is also to be considered that upon the application of respondent the court struck out the testimony relating to the finding of the money with Garver, and later, on motion of respondent, restored the testimony, when it was made the basis of the motion to produce him as a witness. Considered as a matter resting within the sound discretion of the trial court, discretion was. not abused by the ruling.

The requests to charge which have been referred to, if they had been given as preferred, would have more pointedly directed attention to the testimony of the witness Hill, and included the advice that the jury regard his testimony with disfavor. In *People* v. *Everts*, 112 Mich. 194 (70 N. W. 430), the trial court instructed the jury substantially as requested by respondent in the case at bar. It was said the charge was as favorable as respondent was justified in asking.

In the administration of the law the courts usually take notice of matters of which every one takes notice. An agent of the police, employed to secure, not evidence of a crime committed, but evidence of a crime to be committed by the connivance and procurement of the agent, is not a person whose testimony upon the subject of the crime is generally received, in or out of court, without close scrutiny. Given upon the trial of the cause, its weight and the credit to be given to him are for the jury. *People* v. *Rice*, 103 Mich. 350, 353, 354 (61 N. W. 540). It is proper, indeed, it may be the duty of the court, to direct the attention of the jury to the witness and testimony. It is not the right of the respondent to have the jury advised to regard the testimony of such a witness favorably or unfavorably.

The exceptions are overruled, and the court advised to proceed to judgment.

BROOKE, C. J., and PERSON, KUHN, STONE, BIRD, MOORE, and STEERE, JJ., concurred.